Good morning, may it please the Court, Paul Humbert for Story Mountain. The real issue here boils down to the word specified and in the statute, and I believe we can point to one portion of the District Court's opinion that memorializes where the error occurs. And on page five of the District Court's opinion affirming the Bankruptcy Court's order on the objections, the District Court said, and I'm quoting from the opinion, rather the Bankruptcy Court properly focused on the fact that the signature card did not expressly disclaim tenants by the entireties, and thus there is no writing that specifies, and that's in quotation. Well, let's back up a little bit because we're, you know, no one's writing on a blank slate here, neither the District Court nor the Bankruptcy Court, nor for that matter the Florida Legislature. So, let's start with Beale. Assume we are now in, what's Beale, 2020, 2001, 2002? Correct. Let's assume we're in 2001, 2002, right after Beale comes out. You would agree you have no case, right? No case, wouldn't be here. You are in, Beale has three accounts, and we're really at count two in Beale, right? I think that's accurate. Okay. Count one, as I understand it, didn't have any indication at all. Count two had an indication of joint tenants and had a similar disclaimer, not identical, but a similar disclaimer on the bottom. Account three had a very vigorous disclaimer of non-tenants, but it was in an extrinsic document to the signature card. Is that fair? I believe that. I don't know off the top of my head, but I believe that accurately sums it up. Trust me on it. I do. Very much so. All right. So, we start with that premise. You agree with me that Beale is a, because Florida had never codified tenants by the entireties, is a common law decision. You agree? A hundred percent. Okay. And I think that's, you can't read it, but help it understand that that is the case. So Florida has a very robust doctrine about common law, and I'll boil it down. I'm not reading from anything. If you'd like me to, I can, but I'm not reading from anything. But essentially it is, if the legislature is going to abrogate the common law, as opposed to sort of codify it or embody it, it needs to do so explicitly, expressly. There's a lot of different adjectives and adverbs used, but it must do so in a explicit way where it is saying it is abrogating it. And otherwise, we sort of read it consistently with the common law. You agree with that premise? Yes. Okay. And so I guess that brings us to the statute, and by that I'm speaking of 655-79 subsection 1, and the last sentence that's really just tacked on at the end. How, in your view, is the unless otherwise specified in writing, and really the entire thing, which says, any deposit or account made in the name of two persons who are husband and wife shall be considered to be a tenant by the entirety. That's the presumption that Beal sets out, and that presumption is overcome with the second clause, which is unless otherwise specified in writing. How is that an express, explicit, whatever word you want to use for it, abrogation of Beal, which was the Florida common law before the amendment to the statute in 2008? It's a good question. I think the only- I think it's the question. It is the question. And the only court of appeals that's really addressed this squarely is the John George case. So let's stay away from the court of appeals for the second. We'll get to George. I actually disagree with you. I think Loopless, or Loop is- Oh, Loompost. Has very, very explicitly addressed it, too. But I want to get away from the DCAs for a second. And just focused, I'm asking you, as a matter of language and text, if I'm just looking at this text, how can I indicate that this is a complete abrogation, a complete sort of we're going in a different direction than the Florida Supreme Court had set out in Beal? Because Beal gave a bunch of recommendations to the Florida legislature in its opinion. And none of those were adopted by- That's true. But we're talking about the common- We're talking about the holding. You're right, of course. I think if they had their druthers, they would have said, hey, make a requirement in the card that it has a checkbox and all of that. And they didn't do that. But there was still a rule that they set out for the common law. And that is there is a presumption that when a husband and wife open up a joint account for personal property, that that is presumed to be tenants by the entireties, unless there's an express disclaimer. And in their case, they said in the signature card. I think it's fair to add. So how does this, an express abrogation of that, even though I agree with you, the legislature didn't adopt exactly what the Supreme Court would have liked it to adopt? Well, I mean, we could use the canons of statutory construction, look at the first sentence of 655-79 discussing survivorship accounts and not having anything to do with creditor protection, but just what happens upon death of a co-depositor. And it uses those exact words that Beale suggests, such as expressly provided in a contract. So I mean, the canon of statutory construction that we should. Because that canon generally applies when the statutes are written together and applies generally when we don't have a common law. So like when you have common law, we're dealing with something else. We're talking about this is the rule. This is a common law principle. This is the rule that has been set out as a matter of common law development. And then the legislature comes in and the question is, has it gone in an explicit, separate and independent direction that is not what the court has laid out? Or is it an attempt even lazily or clumsily to adopt that principle? And I just don't know we can look at, because the sentence is sort of tacked on years later, to look at what other language is in comparison to that to be able to decide that question. So it's, I mean, if a textual approach, textualist approach is used, which I believe is how we are supposed to interpret the law, the statute, the section, despite the bankruptcy court's protestations to the contrary, it's unambiguous. The textualist approach, and I think Connage is the best and most recent indication that the Florida Supreme Court has given of what textualism means in the state, is not just a plain, we only read the text and that's it. It is, we look at all of this holistically, including the canons, to give a best meaning of what a statute says. And only where the text overcomes that best meaning do we then go with just the text and nothing else. And here, one of those background principles is, and the court has adopted time and time again both pre and post-Connage, is this common law one. And I just, when a legislature is writing under that, is writing on not a clean slate, we have to account for that, don't we? We do, but there's also the same legal principles of, that they're supposed to be, the Florida legislature, any legislature is supposed to be familiar with the law when they adopt it. So we have to, and we know they were familiar with Beale Bank. I'm not going to get into the legislative history. It's not briefed. That's wise.  And I would never get into the legislative history. But there's, they were familiar with Beale Bank. There's the legal principle, and it's addressed, again, in the George opinion, I know we're not talking about that yet. We'll get there. But it's addressed in there, that they are supposed to be familiar with that. And when they're familiar with that, and when they clearly don't adopt any of the, and I agree, 30 pages. Don't adopt the recommendations. How is this language inconsistent with the two holdings of Beale? They're two separate entitlements. There's a presumption, and that presumption can only be overcome in this circumstance. How is this inconsistent? The legislature could have used, it's inconsistent because the word specified means something entirely different than disclaim. They're two entirely different terms, defined entirely different. They certainly are a different term, but are they different enough to say that the legislature has explicitly undone, or gone a different direction, or disagreed with, which is what the case law suggests, the legislature's approach. It is different. I don't disagree with you. I'm not sure how different it is, and I guess that's my question. It's material enough different that they have entire, I mean, the example would be if, you know, specification versus disclaim. If I go to a restaurant and order a pizza. It's otherwise specified. What does otherwise mean? Otherwise specified would be, well, there's, an example would be exactly what we have here, where you write joint tenets of writer, joint, this is a count, what does it mean? I know you're giving me an example. What does it mean? Well, in the brief we discussed, the definition, I mean, it's the definition of specified. You don't give me the definition of otherwise. What does otherwise specified mean? Otherwise specified would just be, I think it's a broad term. Well, I'm not sure that it is, because you have to read it in context of the entire sentence, and otherwise is otherwise as stated before the unless clause. In other words, what has to be specified is something contrary to, not just different, but contrary to the presumption that a husband and wife having a deposit account is held by tenants in the entirety. And that seems to be exactly what the Florida Supreme Court said by saying the document has to say not tenant by the entirety, not just joint tenants, but it's joint tenants and not to be held in this other way. Isn't that what otherwise specified in writing means? I disagree, because otherwise specified, how could we get any more clear of an example of specifying? And I know that, you know, I understand, we all know Beale Bank's opinion and what it went through, the machinations the court went through. But if we're just looking at the text, specified, when you have a not, when the account agreement that you sign, so we know it's a right and we don't need to go there, when you say this is a joint tenancy with right of survivorship, that, I mean, if we're just looking at the plain English. The problem is, here's the problem. A, Beale specifically says that that is not enough and the legislature is writing under that. But here's the reason it gives, and this gets to Amicus' brief, which I'll talk about with your opposing counsel. And Amicus' brief plays into this language. What Beale says is there is no difference in the unities and in the cause of tenants by the entireties and joint tenants with right of survivorship. The only difference is in effect. In other words, they are the same except in every way except effect. And so if you're going to otherwise specify something to what's tenants by the entireties, how is the same thing in every way other than effect, not, they're not, they're not the same thing. I'm just telling you what Beale says. Whether they are or not. Do you want me to read to you the portion of Beale that I'm talking about? As to that issue, it's an important, it's a very important point. And you know, you have, there's more than just the effect. A true tenants by the entirety is not alienable by one spouse. You and I may agree with that, but the Florida Supreme Court has been clear that that's not true. The Florida Supreme Court says they are the same except in effect. I'll read to you the relevant language. Do you want me to? No, I mean, there's case, there's case law that since, since the statute has been including the George opinion, there's case law since the codification of or the amendment to 655-79. There's case law that specifically says. Here's what it says. There's a way. A tenancy by the entireties and joint tenant with right of survivorship share all the same characteristics of form. There are significant differences in legal consequences. That's the only difference. In form, they are the same. And so I guess if you're going to otherwise specify in writing over the presumption, how is that not, how is just saying we're joint tenants, we hold this as joint tenants enough to be able to say we're saying something different than what is in the binary choice? They're entirely different legal principles. There's, there's three. If you're a married couple in Florida, you can open up an account in three ways, excluding, you know, trust and that sort of thing. But what we have here, tenancy in common, joint tenants with right of survivorship or tenants by the entirety, that's it. And so if one to the exclusion of the other, you can't have both at the same time. It's, this is taking, and I understand that Beal says that line, but there are post 655-79 2008 opinions that do say there's entirely different, not only ramifications, but actual the legality of how they are. A tenants by the entirety account, your honor, if you go to a bank and it's a true, and I understand deposit agreements have separate disclaimers that are not beyond the scope of this appeal, but a two spouses are required. It is considered a separate moiety, the tenants by the entirety. It is when a husband and wife own a own a own personal property or real property in the state. They own it as a, it's almost like a separate entity in and of itself is what the Florida Supreme Court said in Beal is that page 56, a final reason for the difficulty in proving whether personal property is held as a tendency by the entirety is, or as a joint tendency with writer survivorship is that the characteristics and unities of a joint tendency held by a married couple and a joint tendency by the entireties are identical. Both forms of ownership share identical characteristics. And the only distinguishing care, the only legal distinguishing is the consequence. That's like saying to people, we, you know, we share 99.9% of ourselves and are from similar DNA. It doesn't mean we're the same. We're, they're, it's entirely differently legally. Can I ask something before you sit down? I tried to see if both Beal and the statute could coexist and operate effectively. And here's how I came to the conclusion. They could both coexist because the statute doesn't really expressly abrogate, but even without saying whether it has to express enough to abrogate or not, it seems to me, we know what Beal says, Judge Locke outlined, is you got to have an express disclaimer, right? That's what Beal said.  Okay. But even the statute seems to me, and I'm looking at the language on the account, I could read this statute and it goes to the otherwise specified. It's not just less specified, it's got otherwise. That to be effective, this, and you can tell me why this is not correct, how they coexist, that joint accounts are owned as joint tenants with right of survivorship and are not joint tenancy. It seems like an otherwise specified, you'd have to have their owned as joint tenants with right of survivorship and not joint tenancy. So you'd have to add that in there. Why would that not allow both of them to coexist? Are you talking about from Beal or from the signature card in this case? I'm talking about the signature card. In this particular case? Yeah, because it says joint tenants are owned as joint tenants with right of survivorship and not as a joint tenancy. So you negate, you need to negate the other option. No? You don't think that would be, or not? I'm looking at the snippet here. I don't see that final in the... No, it's not there. I'm just saying this... Oh, okay. No, it's not there. I'm saying that's what needed to be in the card to make Beal not apply. And to make... I would agree wholeheartedly if I was before you guys and this was 2006 or 7 or... No, I'm saying even with the statute, even under the statute that says unless it shall be tenants of entirety unless otherwise specified in writing. And so you say, well, it's otherwise specified, right? That's what you say. It's because there's a binary choice and... No, no, because you say this language otherwise specifies, right? Absolutely. Joint tenant, let me see, joint account shall be owned as joint tenants with right of survivorship. And I'm saying it needed to go further and shall not be tenants of entirety. Seems like it would have to add that last part to have otherwise specified. Why would that not be a reasonable reading of the statute? Because... Well, then... So they could coexist. If we're looking at what it requires... What specified means... No, otherwise specified. And it would have to say and not... I'm just asking you if you could read the statute that way and you're saying you can't. You're saying this is sufficient. Well, I also... I mean, I have support. I mean, it's not a novel argument. I have support from the District Court of Appeal that already said that Beal's been... And I understand that we could disagree with it or not. Lumpos disagrees as it relates to the Versace opinion. It doesn't touch on... That's an issue of the unities of time title. That's not what we have... Okay, let's forget about Beal. Why couldn't you read this statute as requiring you to go further and say what it's not? Because they could have... The legislature could have said that. They could have said... How easy would it have been for them to add a sentence that they could have... If they had used the word disclaim, we wouldn't be here. The account would... The debtor would have prevailed on its exemption and there'd be nothing further to do. That's what a disclaimer is. So you're saying the statute would have to say unless otherwise... Or disclaim. Exactly. Otherwise disclaim. And that's why it's so important when Your Honor brought up because what you just described, the last caveat you described with the... And not a tenants by the entirety or not a joint tenants. That is the definition of a disclaimer to the exclusion of another. That's the definition. But here, they're saying the word specified it and we're just reading it. There's a Missouri statute that the Florida statute seems to have been modeled on that says unless otherwise specified and under Missouri law, an express disclaimer is required. And that statute is referenced in Beale Bank. So that doesn't suggest to me that the words in the statute and the express disclaimer requirement are completely inconsistent. I'm not familiar with the Missouri statute in question. But, you know, here we have... And again, I point to the district... We have a district court of appeals from the state that has already agreed with the premise that Beale Bank was not codified in the... So, I mean, this court can disagree with it and perhaps certify some kind of... You know, or certify the question, the Florida Supreme Court. But we have a district court... The bankruptcy court... Let me just ask you one more question. Sure. Because I think we have your argument on that. We've talked about loom posts a little. The Florida Supreme Court has heard oral argument in that case this summer. And I know that deals with unities and not the express disclaimer issue. But it does deal with the differences between the statute and the common law. Should we... Do you think it would be advisable for us to await the decision in loom posts before we decide this case? It may be because it depends on how far they're going to tread. If the Florida Supreme Court goes as far as they did in Beale Bank and just writes... If they stick to the very narrow issues in loom posts, it's not going to tread on what we're doing here. But if the Florida Supreme Court decides to write a 30-page opinion, I suspect it's going to interfere with, perhaps, some of the issues here. So I don't know how they're going to end up ruling. But I agree with you on that. It's going to be... I'm sure if loom posts had already been decided, we would have a lot of supplemental briefing or questions to address here. So I don't know how that's going to flesh out. But I do generally agree with that. All right. You've been answering our questions. You've been very patient with us. We'll give you your full time for rebuttal back. Okay. Thank you. Thank you.  And may it please the court, Nick McNamara, as a court-appointed amicus in support of the district court's ruling, thank you for this appointment and this opportunity. So counsel, let's start with George. I think we have your argument. I think I asked a lot of it to your opposing counsel. So he wants to point to George and rely on that. And I will say, having read George, it sure seems like at least something is recognized as having been abrogated by the new statute from Beale. Do you agree with that? I do agree with that, Your Honor. So there's been at least what we'll call a partial abrogation? Yes. Okay. What's left and what's not after George? And what in George supports your reading and view? So in George, the court addressed the issue of whether the language that would disclaim a tenancy by the entireties has to be on the signature card or can it be any other writing? In other words, the rule in Beale, the rule was the presumption, it is presumed this until expressly disclaimed. Yes. Right? That's the presumption part. And then the second part was where that express disclaimer has to be. And the court, as part of its common law ruling, said that that disclaimer had to be on a signature card. And that was related to the ruling on, and that's why I started with your opposing counsel on Beale, with the three accounts. And that ruling was based on the third account, which did have an express disclaimer, exactly like the one Judge Hull was referring to, and not tenants by the entireties. But that was in a separate document called the welcome brochure that had been incorporated into the signature card, but was separate and apart from the signature card. And so what did Beale say about that situation and what did George change about that situation? So Beale said that there has to be an express disclaimer on the signature card, but George said that you can have an express disclaimer on any document, any writing that is related to the account. Why is that not a, so your opposing counsel says, well, that must mean the whole thing is abrogated. You know, George says that Beale has been abrogated and that's different than what Beale held with regard to account number three. Why is that not, does the whole thing not fall apart and we need to look independently from Beale and not see Beale as the common law base from which the statute was based on? Because the question of whether, you know, what is sufficient to either expressly disclaim or otherwise specify that something is not a TBE, that was not before the court. In George, there was an express disclaimer there. And so there was no, you know, no dispute as to what the effect of that was. But is there any indication in George that the legislature did, in fact, codify the presumption part, not the bank account three signature card part, but the presumption part? And let me define what I mean by that. An account held by husband and wife is presumed to be held in the joint tenancy by the entirety unless expressly disclaimed. Yes. So, in the George opinion, it does say that they use the words express disclaimer. The court says that the express disclaimer can appear on something other than the signature card. So, that suggests to me that the court in George did not believe that Beale Bank was abrogated in its entirety by the 2008 amendment to 655-791. Is there any other express indication in George that the legislature was intending to codify the, was intending to codify Beale or at least the presumption in Beale? I believe the court did say that they, that the legislature did codify Beale Bank's presumption. And if I can just turn to. Let me maybe point you to page 713 of the opinion. Okay. In 2008, several years after Beale was issued, the legislature added the last sentence to section 655-791, quoted above, thereby codifying in Florida statutory law the presumption in favor of joint spousal accounts being tenancy by the entirety's property. Yes. Is that an indication in George that the legislature did not write something different or abrogate or go in a different direction, but instead was meant to codify the very thing that the Florida Supreme Court had set out in Beale? I think that's right, Your Honor. And I think that, you know, the terms, you know, express disclaimer and otherwise specified, at heart, the key similarity is that there has to be something inconsistent in the signature card or agreement, whatever writing, there has to be language in there that is inconsistent with the existence of a tenancy by the entirety's. And I go through, you know, the history of Florida common law, going back to 1913, where the courts have said that a tenancy by the entirety's is a type of joint tenancy. It's a special type of joint tenancy that's limited to married couples. And so, you know, even, you know, even setting aside Beale Bank, if you just look at the statute itself, and I'm not asking you to set aside Beale Bank, but just let's assume for argument's sake, how can you otherwise specify a tenancy by the entirety's simply by using the label joint tenancy with right of survivorship? You would agree you need to add and not a tenancy by entirety. That would do it? I think that's one way to do it, Your Honor. Another way to do it is to have, you know, affirmative choices, one tenancy by the entirety box, another joint tenancy with right of survivorship box. And if you select the joint tenancy with the right of survivorship box without selecting the joint, the tenancy by the entirety box, then I would say that that also constitutes an express disclaimer or something otherwise specified in writing. And I think another way to do it would be, you know, having language in the agreement saying that, you know, one spouse may alienate the account without the other's consent. I think that is inconsistent with the existence of a tenancy by the entirety. And it is a writing that would otherwise specify a different type of ownership. I just wanted to address the argument that I heard from opposing counsel that I am advocating for some sort of hybrid estate. That is not true here. Our position is that the account here is a tenancy by the entirety's period. We're not saying that, you know, the individual spouses can alienate a share without the other's consent while still enjoying the protection from creditors of one spouse. We are saying that this is a tenancy by the entirety's account based on the presumption laid out in 65.791, which codifies the presumption that was stated in Beal Bank. Do you have any indication what otherwise means when used in this context of the statute? Your Honor, I would say otherwise means that you have to have, you have to indicate something that is different from a tenancy by the entirety. And a joint tenancy, it can be different from a tenancy by the entirety, but that language in and of itself doesn't tell you. Sorry, I just want to break that down a little bit. So what you're saying is otherwise is essentially an exception to what comes before it. In other words, something that is different in nature from what precedes it? Right, right. So I would use the analogy that, you know... And in specified would mean that otherwise has to be explicit. Meaning, because the specification is the explicit communication of something. Yes, yeah. So I would say, you know, an analogy I thought up is, you know, all tigers are cats, but not all cats are tigers. In the same way, all tenancies by the entirety are joint tenancies, but not all joint tenancies are tenancies by the entirety. In my analogy, you know, Story Mountain, if you were to ask him, you know, is a tiger a cat? They would say, no, a tiger is not a cat. But that's only if you look at the narrow definition of cat that refers to house cat. But a cat is also a category. And here, you know, the Florida courts have consistently said that tenancy by the entirety is a special type of estate that falls under the category of a joint tenancy. And the differentiation from a standard joint tenancy is that there's the legal fiction that the spouses are treated as one person. And so I would say that because of the nature of the tenancy by the entirety is a category of joint tenancy, you have to have something in writing that is entirely inconsistent. Do we even need to get, I think that these are all good points, but if otherwise specified means what you and I just discussed it as possibly meaning, wouldn't that just mean that you have to have something that is otherwise to the presumption? Meaning if we're saying that shall be considered this, the otherwise specified meanings it shall not be considered that thing. Not that it's another thing also, but just that it shall not be that thing which preceded it, right? I mean, if otherwise specified means what you and I have just discussed it to mean, wouldn't that have to say that it have to overcome the shall be considered that's there and not just by a selection of something else, but instead state it is not that? Yes, Your Honor. I mean, I would say that that is certainly one way to do it. I think, you know, there's an argument that I heard about how there's a differentiation in terms between otherwise specified in writing and express disclaimer. And I think that, you know, an express disclaimer will be sufficient to constitute something that's otherwise specified in writing, but I think the purpose of the otherwise specified in writing language is to kind of give more flexibility as to how to draft an agreement where you just have to have language that is contrary to the existence of a tenancy by the entirety. So, you know, it could be something besides the two examples that the Beal Bank Court gave, which is the boxes and then the express statement that this is not a tenancy by the entirety. So I don't think that the language differentiation between Beal Bank and the statute affects the reality that a tenancy by the entirety, that concept is not inconsistent with the joint tenancy. You have to have something more there. And so, I mean, I think I've stated the essence of my argument. Unless the court has any further questions, I would ask that you affirm. Let me just ask you the question that I asked your opposing counsel. Do you think it would be advisable for us to await the Florida Supreme Court's decision in the Lumpos case? I don't think that would be necessary, and here's why. So the issue in the Lumpos and Versace cases are whether you have to show, is whether you have to show the unities required for the creation of a tenancy by the entireties. But however that shakes out, you're still going to have the right of survivorship and the unity of marriage. Those are fundamental to the tenancy by the entirety. Doesn't it depend on the holding? In other words, if the holding of the case, Lumpos got to where it got in part by saying that Beal's a common law decision and the legislature codified the common law, and at least in that time, it was not necessary to be married at the moment of creation of the account. And that's part of the codification. That's how it got to where it got with regard to the unities question. I mean, I don't know how the Florida Supreme Court's going to decide it, but theoretically, it could decide it that way, could it not? I think they could. I mean, I don't think that, I don't think it's likely, but they certainly could rule that way. I mean, that's in the court's discretion, but I think that this is a pretty straightforward issue. We're just talking about what makes a tenancy by the entirety's entirely consistent with a joint tenancy. The Lumpos case and the Visacci case is dealt with, they were talking about the unities of time and title. But here, I mean, we're talking about attributes, not just, these aren't just unities, these are attributes of the estate. And so I would think that, you know, for the outcome of this case to be any different, I think the Florida Supreme Court would need to somehow fundamentally redefine what a tenancy by the entirety is. So I would ask that the court affirm the judgment of the bankruptcy court and the district court. Thank you. Thank you. Thank you once again, Paul Humbert. I want to address, Your Honor, Judge Locke, you asked Amicus's counsel a question regarding the other, otherwise the same question you asked me. Why don't you start with George, because there's that language in George that I pointed out, I can point you to another. No, I know exactly what you're talking about. I know you do because I know you were the lawyer in it, in the case, so I know you know it well, I know you argued it below. But here's another part of George that we, that I didn't bring up with your opposing counsel. The legislature's use of the word writing in the 2008 amendment, which is clearly broader than the now rephrased signature card already present, means that Bill Banks holding that all disclosures of entirety's ownership of joint bank accounts be expressly made in the signature card was not adopted by the legislature when it otherwise codified the entirety's presumption for such accounts through the amendment. Isn't, there's at least two indications of the court codifying the presumption, and the presumption being that they are held by joint tenants unless expressly disclaimed. The only difference was in the third account that that disclaimer had to be in the signature card, and what they're saying is by writing, they meant things other than the signature card. So yeah, I'm not saying George's holding itself is squarely on point. It's not on all fours. It's close. I agree with you. And I'm also not arguing that there's a presumption of tenancy by the entirety. If hypothetically there was a signature card that said nothing, and there was nothing whatsoever, you would have a presumption of tenants by the entirety. That's what the statute's saying. But as far as George goes, this court, and it's an appendix, it's not a published opinion, but this court in the Regents v. G3 case, there's discussion of it, and it also references the term expressly disclaimed, but it says can and not should. It doesn't say that's the only way. It says it is a way. If the only indications we have, and I think this is aside from Judge Pryor's question about whether we should wait on the large-form court, but all we have are the two DCAs, and one DCA says except for the writing requirement, the presumption has been codified, was codifying Beall, and another DCA says Beall, the statute was a complete codification of Beall, then I just don't see how we wouldn't say that, or at least there's sufficient evidence for us to say that the Florida courts would find that Beall has been abrogated by the statute on the issue that we are talking about here. But nobody's disputing the presumption itself. That's all George was saying. The presumption includes the express disclaimer. The presumption is they're presumed this unless expressly disclaimed. That's holding one in Beall, and holding two in Beall is that express disclaimer has to be on a signature card. That second holding is abrogated. George recognizes it by the statute. But the first holding, the presumption, that's what the presumption is. George says that that's been codified, and Lupus says that that's been codified. That's one. All they're saying, and all G3 is saying, and Lupus is different, I agree, but all George is saying and all G3 is saying is that that is one way. That would be the easiest way. I would have no real hard work to do. We would simply point to that. That would be great if there was these little checkboxes and somebody checks the other one. I could point to five cases that say it's not a tenancy by the entirety. They're saying that is a way. They never go beyond that to say Beall Bank certainly went beyond that. I acknowledge that, and I acknowledge that if this was pre-2008, it would be game over. But G3 says that the court that you can, in ruling in favor of the creditor in the G3 case, this court said that you can lose on the tenants by the entirety of the exemption. You can by expressing disclaiming of the signature card. But it's not to the exclusion of these other terms. What I just cannot, and it's honestly the reason I took this case on appeal, is a lot of courts, I think this is the first time, certainly the argument I made in the 4th District on the George case was novel at the time. But nobody's argued it correctly, and there's nothing on all fours that says that statute is not what Beall Bank says. There's nothing in George that suggests that they were dealing with a limited issue of the separate document being excluded. I acknowledge that, and I agree with that. But we have to look at the plain language of the statute. And the plain language of the statute says, otherwise specified in writing. And I wonder, one point that you asked Judge Luck, you asked the amicus's counsels regarding the otherwise. And he stated, something other than a tenants by the entirety would satisfy that. If this court's going to say that they're one and the same, that is good. There is case law that we cite, and I urge the court to look back at that, including the In re Witten case. It's not binding on this court, but it does, as somebody who works in this area of law exclusively, they are so, the dichotomy between a tenants by the entirety and joint tenants by the right of survivorship, they are different. They may be at the tiger and the cat example, they may have similarities, but they are not one and the same. And so, one last point I'd like to make, there is a reason why federally insured banks, and this is being lost on a lot of court, it hasn't been addressed in prior decisions, but I want this court to be aware of it. If this court is going to say when a bank tells its depositor that this is a joint tenants with right of survivorship, there's a very specific reason that the majority of banks do that. Because in a spousal dispute, this is called, this is having your cake and eating it too. If, for example, if you were on the precipice of a divorce, and I sent $10 million without my wife actually consenting, on a true tenants by the entirety, that is not, I cannot do that. It requires my spouse and I to alienate the asset. That is what a tenants by the entirety is. So when they say, when TD Bank here says joint tenants with right of survivorship, if this court or any other court is going to say, we know that it says that, but we're going to go back to the common law and pre-codification of 655-79, then what that's going to do is impose on these banks, most of which are federally insured, that it's not just that a tenants by the entirety itself is going to be somehow implied. That is, the reason the banks protect themselves is because they don't want one spouse. If the husband goes out, or the wife, if one of the spouses goes and alienates that property under a true tenants by the entirety, that would be in complete derogation of what that means. All they've got to put in is on the signature card and not tenants by the entirety. That's all they've got to put on their signature card. They can do that tomorrow. Are the cards like that now? Every bank is different, and that's a good point because you can go to the extent... How simple is it just to be clear on the signature card? This is also the bold part, the bigger lettering says joint tenants. This is down in... I can hardly read it on the signature card. It seems like they need to just make the signature card clear and say, this shall be a joint survivorship and not a tenancy by the entirety. How hard is that? There's nothing to it. I would suggest you tell them to do it. B.O. Bank made the same suggestion to the Florida legislature to make this easy. The Florida legislature thinks that's what they did. Maybe they could have used disclaimed rather than otherwise specified. You know the legislative process. That's the clear intent, to me, of what the Florida legislature was trying to do. This is where I'm going to differ. I'm not going to get into it. Can I just raise that one issue? That's important. I'm not going to pay any attention to what they intended to do because we don't consider that. You don't have to worry about it. Thank you. I think we understand your argument. Mr. McNamara, thank you for agreeing to serve as amicus in this case. Thank you, Mr. Humbert, for helping us with this issue. Thank you. Thank you.